July 9, 2024

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

**Mark Appelgren, Pro Se**
3718 Columbia Pike, Apt. 2
Arlington, VA 22204
          Complainant/Plaintiff

vs.

**Fort Lauderdale Grand Hotel,**
4900 Powerline Rd.,
Fort Lauderdale, FL 33309
          Defendant

Case No.:

Date Formal Filed:  07/09/2024

FILED BY ___NA___ D.C.
JUL 09 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA) AND FLORIDA CIVIL RIGHTS ACT (FCRA)

### I. INTRODUCTION

1. This is a civil action for damages arising from Fort Lauderdale Grand Hotel, refusal to provide accommodations to Plaintiff and his service animal, in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA).

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant conducts business within this district.

### III. PARTIES

4. Plaintiff, Mark Appelgren, is an individual residing at 3718 Columbia Pike, Arlington Virginia 22204, who relies on a service animal for assistance with a disability.

5. Defendant, Fort Lauderdale Grand Hotel, operates a hotel located at 4900 Powerline Rd. in Fort Lauderdale, Florida.

IV. FACTUAL BACKGROUND

6. On May 21, 2024, Plaintiff had a reservation at Fort Lauderdale Grand Hotel in Fort Lauderdale, Florida, made through Priceline and paid in advance.

7. Plaintiff has a disability and uses a service animal to assist with daily activities and mitigate the symptoms of the disability.

8. Upon arrival at the hotel, Plaintiff presented the necessary documentation for the service animal to the hotel staff.

9. Despite this, hotel management staff refused to provide accommodations to Plaintiff and his service animal, stating they had the right to refuse service.

10. Hotel staff provided no explanation beyond their claimed right to refuse service and refused to acknowledge or adhere to ADA regulations.

11. As a result, Plaintiff and his service animal were left without accommodations and were forced to stay in the heat for several hours while attempting to find other accommodations.

12. This incident caused Plaintiff significant mental pain and suffering.

13. This was the first hotel that Plaintiff attempted to check into that day and was refused accommodations as required under the ADA.

V. CLAIM FOR RELIEF

Count I: Violation of the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

15. Under the ADA, public accommodations, including hotels, are required to allow individuals with disabilities to be accompanied by their service animals.

16. Defendant's refusal to accommodate Plaintiff and his service animal constitutes a violation of the ADA.

17. As a direct and proximate result of Defendant's actions, Plaintiff suffered significant harm, including mental anguish, pain, and suffering.

Count II: Violation of the Florida Civil Rights Act (Fla. Stat. § 760.01 et seq.)

18. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

19. Under the Florida Civil Rights Act, places of public accommodation are required to accommodate individuals with disabilities and their service animals.

20. Defendant's refusal to provide housing to Plaintiff and Plaintiff's service animal constitutes a violation of the Florida Civil Rights Act.

21. As a direct and proximate result of Defendant's actions, Plaintiff suffered significant harm, including mental anguish, pain, and suffering. Count II: Violation of the Florida Civil Rights Act (Fla. Stat. § 760.01 et seq.)

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Under the Florida Civil Rights Act, places of public accommodation are required to accommodate individuals with disabilities and their service animals.

24. Defendant's refusal to provide housing to Plaintiff and Plaintiff's service animal constitutes a violation of the Florida Civil Rights Act.

25. As a direct and proximate result of Defendant's actions, Plaintiff suffered significant harm, including mental anguish, pain, and suffering.

## VI. DAMAGES

26. Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs.

27. Plaintiff is entitled to damages as a result of Defendants' violations, including but not limited to:

a. Compensatory damages in an amount to be determined at trial for medical expenses, pain and suffering, and loss of enjoyment of life.

b. Punitive damages in an amount sufficient to punish Defendants and deter similar conduct in the future,

a. Medical expenses incurred due to health complications,

b. Emotional distress and mental anguish,

c. Prejudgment and postjudgment interest as permitted by law.

d. Attorneys' fees and costs associated with this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding Plaintiff:

A. Enter judgment in favor of Plaintiff and against Defendants on all claims;

B. Award Plaintiff compensatory damages in an amount to be determined at trial for medical expenses, pain and suffering, and emotional distress;

C. For prejudgment and post judgment interest as permitted by law;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to applicable law;

F. Grant such other and further relief as the Court deems just and proper.

VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Mark Appelgren

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Mark.Appelgren0701@yahoo.com

201-232-1441

VERIFICATION

I, Mark Appelgren, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: July 9, 2024

_____
Mark Appelgren

Plaintiff, Pro Se